IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE CAMPBELL-TOWNES, ) | |
| ) | |
| Plaintiff; ) | |
| ) | 2:14-cv-01408-LSC |
| vs. ) | |
| ) | |
| AMEDISYS HOLDING, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum of Opinion

Before the Court is the parties' joint motion for approval of settlement. (Doc. 24.) This suit was brought by Plaintiff Valerie Campbell-Townes ("Campbell-Townes") to collect alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq*. In the "context of suits brought directly by employees against their employer . . . to recover back wages for FLSA violations," any party to an FLSA settlement must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States Dept' of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Having considered the guidelines set forth by the Eleventh Circuit for approval of an FLSA settlement, the Court finds that the proposed settlement agreement is fair, as it reflects a reasonable compromise of issues actually in dispute. The settlement was reached in an adversarial context in which Campbell-Townes was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable as required by *Lynn's Food*. *Id*. at 1354. Furthermore, the proposed agreement does not bind non-parties to the present action. Lastly, the proposed agreement does not ask the Court to assess attorney's fees, as the parties have agreed on the amount owed.

For the reasons stated above, the joint motion for approval of settlement agreement (Doc. 24) is due to be granted.

Done this 19th day of May 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822